UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JAYCE DUPREE LANG**                                                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.  1:21-CV-P134-GNS**

**COUNTY OF BARREN KY** *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

      This is a civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

### I.

      Plaintiff Jayce Dupree Lang was formerly incarcerated at the Barren County Detention Center (BCDC). He sues the "County of Barren KY"; Southern Health Partners (SHP); and BCDC Jailer Aaron Bennett in his official capacity only.

      Plaintiff alleges that Defendants failed to provide him adequate medical care for a spider bite. He specifically alleges that he was not seen by medical personnel until several days after he first reported the spider bite and requested medical attention. He states that when he was finally seen by a physician, the treatment he received was "not proper." He alleges that "instead of lancing the wound holes were punctured into my leg with nothing to numb me causing a great deal of pain." Plaintiff alleges that following this procedure the "swelling and infection worsened." He continues, "[a]fter this the bite gets worse and serious yet still didn't send me to hospital for this. They never did a culture on my leg to get an accurate diagnosis to treat my leg. They just guessed and put me on a bunch of antibiotics." Plaintiff also claims that Defendants violated his rights

under the Fourteenth Amendment because they sent an inmate who was a "local white man" to the hospital for a spider bite, but not Plaintiff who is "from out of town" and "black."

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs and Fourteenth Amendment equal-protection claims against Defendants.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against BCDC Jailer Bennett are actually redundant to his claims against Defendant Barren County.

When a § 1983 claim is made against a municipality such as Barren County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker*

3

*Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The Sixth Circuit has held that this same analysis applies to § 1983 claims brought against private corporations such as Defendant SHP which has ostensibly contracted with Barren County to provide medical services to its inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Barren County or SHP. Rather, it appears that it was an isolated occurrence affectingly only Plaintiff. For this reason, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted.

**B. State-Law Claims**

The Court also construes the complaint as asserting state-law negligence claims against Defendants. However, because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). The state-law claims, therefore, will be dismissed without prejudice.

### C. Amended Complaint

Before dismissing this action for the reasons stated above, the Court will provide Plaintiff the opportunity to amend his complaint to name as Defendants the individuals who allegedly violated his constitutional rights and to sue them in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Barren County and SHP and his official-capacity claims against Defendant Bennett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that any state-law claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3) because the Court declines to exercise supplemental jurisdiction over them.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Barren County ("County of Barren KY") and SHP as parties to this action**.

**IT IS FURTHER ORDERED** that within **30 days** of entry of this Order, **Plaintiff may file an amended complaint in which he 1) names as Defendants the individuals who allegedly violated his constitutional rights; 2) describes the actions each of these Defendants took in violation of his constitutional rights; and 3) sues each of these Defendants in their individual capacities.**

6

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number placed in the caption for Plaintiff's use should he decide to file an amended complaint.

If Plaintiff files an amended complaint, the Court will review it under § 1915A. If Plaintiff fails to file an amended complaint within the time allotted, the Court will dismiss this action for the reasons set forth above.

Date: November 4, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Barren County Attorney
4416.011